IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-00264-CR-W-DGK |
| | ) | |
| SHANE C. HYDE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss the Indictment charging him under 18

U.S.C. § 922(g)(1) for felon in possession of a firearm.    (Doc. 23)    Defendant contends that the

statute under which he is charged is unconstitutional based on the Supreme Court's decision in

*New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).    (Doc. 23)    For

the following reasons, it is recommended that Defendant's motion be denied.

### I.    BACKGROUND

On December 19, 2023, the Grand Jury returned an Indictment charging Defendant with

one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(8).    (Doc. 13)    On February 20, 2024, Defendant filed the instant motion to dismiss.

(Doc. 23)    The Government filed its suggestions in opposition on February 28, 2024.    (Doc. 24)

Defendant did not file a response.

### II.    LEGAL ANALYSIS

Title 18, United States Code, Section 922(g)(1) makes it unlawful for a person "who has

been convicted in any court of, a crime punishable by imprisonment for a term exceeding one

1

year" to, *inter alia*, possess in or affecting commerce, a firearm. Defendant contends that the Indictment should be dismissed on grounds that 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution,[1] both facially and as applied. Defendant additionally contends that the statute is unconstitutionally overbroad. Each argument will be addressed in turn.

## A.  Second Amendment

Citing *Bruen*, Defendant argues that the Indictment should be dismissed on grounds that 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution, on its face and as applied to him.[2] 142 S. Ct. at 2129-30. This argument is foreclosed by the Eighth Circuit's decisions in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) and *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023). In *Jackson* the Eighth Circuit stated, in relevant part:

> We conclude that . . . § 922(g)(1) is not unconstitutional as applied to Jackson based on his particular felony convictions. The Supreme Court has said nothing in *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons." *Id*. at 626, 128 S. Ct. 2783; *see McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S. Ct. 3020, 177 L. Ed. 894 (2010) (plurality opinion). The decision in *Bruen*, which reaffirmed that right is "subject to certain reasonable, well-defined restrictions," 142 S. Ct. at 2156, did not disturb those statements or cast doubt on the prohibitions. *See id*. at 2157 (Alito, J., concurring); *id*. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.) Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of §922(g)(1).
> 
> .          .          .
> 
> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify <u>categories of persons</u> from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness,

---

[1] The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

[2] The Bond Report (Doc. 9) reflects felony convictions, and the parties stipulated the Pretrial Services Officer's testimony would be consistent with the Report. (Doc. 10) Defendant's motion also asserts that he does not have any convictions involving violence or firearms. (Doc. 23, p. 3)

Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons.

69 F.4th at 501-502, 505-506 (emphasis added).   Approximately two weeks after *Jackson*, the Eighth Circuit reaffirmed the constitutionality of § 922(g)(1) in *Cunningham*.   70 F.4th at 506 (reiterating there is no need for felony-by-felony determinations regarding the constitutionality of §922(g)(1) as applied to a particular defendant).   This Court cannot depart from Eighth Circuit controlling precedent "until overruled by [the] court en banc, by the Supreme Court, or by Congress."[3]   *M.M. ex rel L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008).   As a result, Defendant's as-applied and facial challenges must fail.   *See also United States v. Doss*, No. 22-3662, 2023 WL 8299064 at *1 (8th Cir. Dec. 1, 2023) (rejecting argument that § 922(g)(1) is unconstitutional both on its face and as applied); *United States v. Rose*, No. 22-00120-01-CR-W-HFS, 2023 WL 5280579 at *5 (W.D. Mo. July 31, 2023), *adopted by* 2023 WL 5281691 (W.D. Mo. Aug. 16, 2023); *United States v. Hansen*, 4:18-CR-3140, 2023 WL 4134002 (D. Neb. June 22, 2023).   It is accordingly recommended that § 922(g)(1) be found constitutional on its face and as applied to Defendant Hyde.

### B.  Overbreadth

Again taking issue with *Jackson*, Defendant also argues that 18 U.S.C. § 922(g)(1) is fatally overbroad because it strips all felons, including those who are not dangerous, of their Second Amendment right to possess firearms.   (Doc. 23, pp. 27–35)   This argument is similarly foreclosed by *Jackson*.   69 F.4th at 502.

"In *Jackson*, the defendant argued 'that § 922(g)(1) is unconstitutional as applied to him, because his drug offenses were "non-violent" and do not show that he is more dangerous than the

---

[3]Defendant acknowledged that *Jackson* "is controlling at the time of this filing" (Doc. 23, p. 19), but argues it was wrongly decided (Doc. 23, p. 2).

typical law-abiding citizen.'" *United States v. McKnight*, No. 21-05034-01-CR-SW-MDH, 2024 WL 390458 at *2 (W.D. Mo. Jan. 8, 2024) (citing *Jackson*, 69 F.4th at 501), *adopted by* 2024 WL 385702 (W.D. Mo. Feb. 1, 2024). The *Jackson* Court disagreed, concluding there was "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." 69 F.4th at 502. "Although the Eighth Circuit does not use the word 'overbroad,'" the Court finds the *Jackson* Court substantively addressed the overbreadth issue and that such decision is binding. *See McKnight*, 2024 WL 390458 at *2. *See also United States v. Dunn*, 76 F.4th 1062, 1068 (8th Cir. 2023) (rejecting overbreadth argument on plain error review and reiterating *Jackson*'s conclusion that there was "no need for a felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"). Defendant's motion to dismiss should also be denied on this basis.

## III.   CONCLUSION

Based on the above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's motion to dismiss (Doc. 23).

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

/s/ *Jill A. Morris*
_____
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE
